# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**NIKO DEANDRE DAVIS,** )<br>)<br>**Defendant.** ) | Case No. CR-16-119-R |

## ORDER

Before the Court is Defendant Niko Deandre Davis's ("Defendant") *pro se* Motion for Reconsideration, Doc. No. 1757, which the Court construes as Defendant's second motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] The Government responded in opposition. Doc. No. 1760. The Court finds as follows.

Defendant is currently serving an 84-month sentence of imprisonment after pleading guilty to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). *See* Doc. No. 1179. Defendant is scheduled for release June 29, 2022, according to the Bureau of Prisons ("BOP") inmate locator. The Court grants Defendant's motion liberal construction in light of his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

It is well-settled that "[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, *1

---

[1] The Defendant also filed two "Declarations", which the Court included in its review of Defendant's motion. Doc. Nos. 1758, 1766.

(W.D. Okla. Dec. 5, 2019) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). Prior to the passage of the First Step Act (the "Act"), only the Director of the BOP could seek compassionate release under 18 U.S.C. § 3582(c). The Act, passed in December of 2018, enables defendants to seek modification of a term of imprisonment directly from the Court in the event the Bureau of Prisons, via the warden, declines to file such a motion. *See* 18 U.S.C. § 3582(c)(1)(A).

Under the Act, a defendant may file a motion seeking compassionate release from custody, however, first he must have "*fully* exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief. *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence). The Court has determined that exhaustion is mandatory and not subject to waiver. *United States v. Heath*, No. CR-13-102 SLP, 2020 WL 1957916 (W.D. Okla. Apr. 23, 2020).

Here, Defendant argues that he satisfied the statute's exhaustion requirement because he "sent a request email to the warden on 06/26/2020 and had also made a follow-up request through email on 07/05/20 and has not received a result." Doc. No. 1757, p. 10. Accordingly, Defendant reasons, 30 days have passed since he submitted his emails and thus, "his request is ripe for consideration by the Court." *Id.* However, the Defendant fails to recognize that the 30-day period commences upon the "*receipt* of such request by the

warden...". 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Defendant's motion does not indicate that the warden ever received Defendant's request, as the statute requires. Further, there is no indication that the warden received a request from the Defendant in the BOP's databases. Doc. Nos. 1760-1, 1760-2. Thus, the Court cannot verify that the warden ever received Defendant's request, and therefore, the statute's requirements are not met.

Accordingly, the Court does not have jurisdiction to consider Defendant's request for compassionate relief. *See, e.g., United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *1 (D. Colo. Apr. 17, 2020) (explaining that the judiciary lacks "power to craft an exception" to 3582(c)(1)(A)'s exhaustion requirement and because defendant's motion failed to indicate that the warden responded to the administrative request or that 30 days lapsed from the warden's receipt of such request, the motion was dismissed for lack of jurisdiction).

Therefore, Defendant's request for compassionate release is hereby DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED** on this 15th day of January 2021.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE